IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ERIC WATKINS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:11cv696 |
| LAWRENCE WESTON | § | |

MEMORANDUM OPINION

Plaintiff Eric Watkins, formerly an inmate confined at the Federal Correctional Institution at Beaumont, Texas, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Agents of Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971), against Lawrence Wesson, a disciplinary hearing officer.

Factual Allegations

Plaintiff alleges the defendant denied him due process of law in connection with a disciplinary hearing conducted on February 10, 2009. The hearing considered the charges contained in incident report 1821259. At the conclusion of the hearing, the defendant found plaintiff guilty of a disciplinary offense. The following punishment was imposed: (a) forfeiture of 40 days of previously earned good conduct time; (b) six months restriction of commissary, visitation and telephone privileges and (c) a disciplinary transfer. Plaintiff contends the defendant violated his right to due process of law by failing to provide him with a copy of the defendant's written report following the disciplinary hearing. Plaintiff further contends the defendant denied him equal protection of the laws by failing to provide him with a copy of the written report despite giving other inmates copies of written reports concerning their disciplinary hearings.

Plaintiff states that on March 18, 2010, his disciplinary conviction was expunged and his good conduct time was restored. He states he had already completed serving the remainder of the punishment imposed.

Analysis

*Due Process*

In order to establish a due process violation, a plaintiff must show he was deprived of a liberty interest protected by the Constitution or other federal law. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In *Sandin*, the Court adopted a new methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 477-484. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, the Court determined that the challenged state action should be examined to determine whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 484. A state will generally be found to have created a liberty interest only where the challenged state action imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id*. at 478.

Protected liberty interest are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). However, a federal inmate may have a statutorily-created liberty interest in good time credits. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Madison*, 104 F.3d at 768.

In this case, plaintiff states his disciplinary conviction was expunged and the forfeited good conduct time credits were restored. The remaining punishment plaintiff received, a disciplinary transfer and suspension of certain privileges, did not implicate a protected liberty interest because they did not have a direct effect on the amount of time plaintiff was imprisoned. As plaintiff had no protected liberty interest in not receiving a disciplinary transfer or having his privileges suspended, he could not have been deprived of due process of law in connection with his disciplinary conviction. *Theard v. Cain*, 185 F. App'x 421, 422 (5th Cir. 2006); *Harper v. Goodwin*, 162 F. App'x 304, 305 (5th Cir. 2006); *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004). Plaintiff's due process claim therefore fails to state a claim upon which relief may be granted.

*Equal Protection*

To state a claim based on the denial of equal protection, a plaintiff must demonstrate he has been "intentionally discriminated against . . . because of membership in a protected class . . . ." *Nance v. New Orleans & Baton Rouge Steamship Pilot's Association*, 174 F. App'x 849, 854 (5th Cir. 2006). Alternatively, a plaintiff may show that a governmental policy or procedure was selectively enforced against him by showing that the acts of government officials were motivated by improper considerations such as race or religion. *Id*.

Plaintiff alleges the defendant refused to provide him with the written report concerning his disciplinary proceeding even though other inmates received such reports. However, plaintiff does not allege this action was taken because of his membership in a protected class or that the defendant's action was motivated by plaintiff's race or religion. As a result, plaintiff's equal protection claim fails to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, this case will be dismissed because plaintiff has failed to state a claim upon which relief may be granted. An appropriate final judgment shall be entered.

**SIGNED** this the **14** day of **January, 2019.**

_____
Thad Heartfield
United States District Judge